IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Steven Vance Hensley, | ) | Civil Action No. 9:18-2376-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Cherokee County Detention Center Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 8) recommending that Petitioner's petition for a writ of habeas corpus (Dkt. No. 1) be dismissed. For the reasons set forth below, the Court adopts the R & R as the Order of the Court, dismisses without prejudice the Petitioner's petition for a writ of habeas corpus, and denies a Certificate of Appealability.

**I. Background**

Petitioner Steven Hensley is a pretrial detainee at the Cherokee County Detention Center in Gaffney, South Carolina on pending state law criminal charges. Petitioner brings this action *pro se* seeking federal habeas relief pursuant to 28 U.S.C. § 2241. Petitioner petitions the Court to release him from detention, to "make right" alleged wrongful actions taken by Cherokee County, and to hold Cherokee County accountable for their alleged mishandling of Petitioner's state court cases. (Dkt. No. 1 at 9.) Petitioner did not file objections to the R & R.

**II. Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. <u>Discussion</u>

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Petitioner's petition should be dismissed. A state prisoner may bring a pretrial petition for a writ of federal habeas corpus pursuant to 28 U.S.C. § 2241. *See U.S. v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (finding that § 2241 "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). But the Court should abstain from interfering with pending state court proceedings when "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994); *see also Younger v. Harris*, 401 U.S. 37 (1971). When these circumstances are present, the Court should interfere with state proceedings, such as by granting a § 2241 petition for writ of habeas corpus, only "in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d at 881, 903 (4th Cir. 1996).

Here, as the Magistrate Judge identified, the Court's abstention is warranted. Each of the three *Younger* factors is satisfied: (1) Petitioner is currently detained on pending state criminal

charges, (2) these state criminal charges implicate the state's important interest in administrating its criminal justice system, and (3) the pending state criminal proceeding constitutes a sufficient opportunity for Petitioner to raise the arguments made here. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (holding that states have powerful interest in administering their criminal justice systems); *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("The policy of equitable restraint expressed in *Younger v. Harris*, in short, is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). Moreover, because Petitioner is represented by counsel in the state court proceedings where his constitutional rights may be raised on defense or direct appeal, there are no "special circumstances" to justify federal habeas intervention. *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (federal equitable remedy interference not warranted where "[t]he record fails to demonstrate that the pending state prosecution posted any threat to defendant's rights that could not be eliminated by assertion of an appropriate defense in the state courts") (internal citation and quotation marks omitted). Accordingly, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed without prejudice.

### IV. **Certificate of Appealability**

28 U.S.C. § 2253 provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254].").

A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that the circumstances warrant the district court abstaining from interfering in Petitioner's pending state court criminal proceedings. Therefore, a Certificate of Appealability is denied.

## V. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 8) is **ADOPTED** as the Order of the Court, Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**, and a Certificate of Appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 18, 2018
Charleston, South Carolina